UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALVIN COLLINS,

                Plaintiff,                    Case No. 1:16-cv-116

v.                                    Honorable Paul L. Maloney

UNKNOWN DEL-TOUR et al.,

                Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Burt and Palmer. The Court will serve the amended complaint against Defendant Del-Tour.

**Discussion**

I.      Factual allegations

Plaintiff Alvin Collins presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility, although the actions about which he complains occurred while he was housed at the Muskegon Correctional Facility (MCF) and the Oaks Correctional Facility (ECF). He sues ECF Corrections Officer (unknown) Del-Tour, MCF Warden S. L. Burt, and Carmen Palmer, whom Plaintiff describes as the Director of the MDOC.[1]

Plaintiff alleges that while Plaintiff was housed at MCF, Defendant Del-Tour filed four minor misconduct tickets against him: December 21, 2013 (failure to follow posted rules for using the kitchenette at 4:30 a.m.); December 26, 2013 (failure to follow posted rules for brushing his teeth at 3:39 a.m.); January 13, 2014 (out of place); and February 15, 2014 (out of place). The first two misconduct charges were Class III misconducts, and the other two were Class II misconducts.[2] On December 26, Plaintiff was found not guilty of the first misconduct charge, because the rules were not posted in the unit. Defendant Del-Tour filed the second misconduct ticket for violating posted rules that same date, and it subsequently was dismissed, again because the rules were not posted. The remaining two misconduct charges were dismissed because Plaintiff was within the ten-minute period allowed for him to travel to his med-line appointment.

---

[1]The current Director of the Michigan Department of Corrections is Heidi Washington. Carmen Palmer is the Warden of the Michigan Reformatory.

[2]Under Michigan Department of Corrections Policy Directive 03.03.105, ¶ B, a Class I misconduct is a "major" misconduct and Class II and III misconducts are "minor" misconducts.

Plaintiff filed his first grievance against Defendant Del-Tour on December 26, 2013, alleging that Del-Tour had used degrading language, saying, "[L]ook, monkey, get away from the desk." (ECF No. 1-1, PageID.29.) The grievance was denied as unsupported.

Plaintiff alleges that Defendant Del-Tour issued the first misconduct ticket in retaliation for Plaintiff having viewed Del-Tour touching Officer Clark on the buttocks, and that the remaining misconducts were issued in retaliation for Plaintiff's grievances against Del-Tour. Plaintiff alleges that Del-Tour also retaliated against him by reviewing prison telephone logs for the period from December 9, 2013 to December 27, 2013, even though Del-Tour was not assigned to telephone-monitoring duty, in violation of prison policy.[3] In addition, Plaintiff complains that Del-Tour used degrading language, such as, "Get your ass out of here, n*****." (*Id.*, PageID.170.) Further, Plaintiff alleges that Del-Tour threatened him with the loss of telephone privileges and threatened that, if Plaintiff did not plead guilty to a misconduct ticket, Del-Tour would "put a knife in your cell, and you know why." (ECF No. 8, PageID.171.) Plaintiff claims that Del-Tour intended to keep retaliating until Plaintiff was transferred from MCF.

Plaintiff contends that Defendant Burt, as Warden of MCF, was responsible for the operations of the facility and the welfare of the inmates. He also alleges that Defendant Burt did not respond adequately to his grievances and retaliated against him by transferring him, apparently to the Gus Harrison Correctional Facility, at some time after she denied his Step-II grievance about Del-Tour's use of degrading language.

---

[3]On December 27, 2013, Del-Tour issued a Notice of Intent to Conduct an Administrative Hearing to remove telephone privileges, because Plaintiff had used another prisoner's pin number to make a call. Plaintiff admitted the conduct and was placed on a 30-day telephone restriction. (ECF No. 1-1, PageID.132-133.)

Plaintiff ultimately was transferred to ECF in 2015.  On September 9, 2015, when Plaintiff walked into ECF Unit 6, he discovered that Defendant Del-Tour was working in the unit, having been transferred from MCF to ECF.  Defendant Del-Tour looked at Plaintiff and said, "I am going to take care of you because you are in my neck of the woods." (*Id.*, PageID.172.)  That same day, after reviewing the recordings of Plaintiff's telephone conversations for the past several weeks, Del-Tour issued a Notice of Intent to restrict Plaintiff's phone privileges and issued a Class-II misconduct ticket for improperly using the phone system to call another prisoner's mother on August 15, 2015.  Plaintiff admitted delivering a message to the other prisoner's mother, though he denied knowing that he had violated prison rules.  Plaintiff was found guilty of the misconduct and placed on telephone restriction.  (ECF No. 1-1, PageID.62.)  Plaintiff contends that Del-Tour was not authorized by the warden to review the telephone recordings, that he did so in violation of prison policy, and that he was motivated by a desire to retaliate against Plaintiff.

Plaintiff contends that Defendants' conduct deprived him of his rights under the Eighth Amendment.  Although he does not expressly invoke the First Amendment, his allegations concerning retaliation implicate that amendment.  Plaintiff also alleges that Defendants violated prison policy and the Due Process Clause in mishandling his grievances.  He seeks compensatory and punitive damages.

## II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more

than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.      Eighth Amendment

Plaintiff asserts that, by verbally harassing him and retaliating against him, Defendants violated his rights under the Eighth Amendment.  The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).  Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.  In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Plaintiff's allegations fall far short of demonstrating the sort of serious deprivation governed by the Eighth Amendment.  Allegations of verbal harassment or threats by prison officials

-6-

toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987). Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.*; *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits). Even the occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude. *See Torres v. Oakland County*, 758 F.2d 147, 152 (6th Cir. 1985).

In addition, Plaintiff's transfer does not implicate the Eighth Amendment. Plaintiff does not have a constitutional right to be housed at a particular security classification or to be incarcerated at a particular facility. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Harbin-Rey v. Rutter*, 420 F.3d 571, 576, 577 (6th Cir. 2005). Moreover, Plaintiff does not allege that the transfer exposed him to a serious risk of harm or that he was subjected to any unnecessary and wanton infliction of pain associated with his transfer or conditions of confinement. *See Whitley v. Albers*, 475 U.S. 312, 320-22 (1986).

In sum, Plaintiff's allegations fail to implicate the Eighth Amendment. As a consequence, the Court will dismiss Plaintiff's Eighth Amendment claims.

## B.     First Amendment

Although Plaintiff does not directly invoke the First Amendment, construing Plaintiff's amended complaint indulgently, *see Haines*, 404 U.S. at 520, the Court must consider whether he has raised a cognizable claim that he was subjected to retaliation for the exercise of his First Amendment rights. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en

banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The Court concludes that, at this stage of the proceedings, Plaintiff has sufficiently alleged one or more retaliation claims against Defendant Del-Tour.  Plaintiff, however, fails to allege a retaliation claim against Defendant Burt.  In his amended complaint, Plaintiff baldly contends that Defendant Burt retaliated against him by transferring him to another prison.  Plaintiff, however, makes no factual allegations that would support his conclusion.  Instead, he merely claims that his transfer occurred some time after he filed a Step-II appeal to Defendant Burt of his grievance against Defendant Del-Tour.

The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000).  As a consequence, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has sufficiently alleged the first prong of his retaliation claim against Defendant Burt.

Nevertheless, Plaintiff alleges no facts that would support a conclusion that his transfer constituted adverse action.  The determination of whether a defendant's action is adverse

is an objective one and does not depend on how a particular plaintiff reacted.  The relevant question is whether a defendant's conduct is "*capable* of deterring a person of ordinary firmness" from exercising his rights; the plaintiff need not show actual deterrence.  *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original).  "Since prisoners are expected to endure more than the average citizen, and since transfers are common among prisons, ordinarily a transfer would not deter a prisoner of ordinary firmness from continuing to engage in protected conduct."  *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005); *see also Smith v. Yarrow*, 78 F. App'x. 529, 543 (6th Cir. 2003) ("transfer from one prison to another prison cannot rise to the level of an adverse action because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights") (internal quotation marks omitted).  If, however, a foreseeable consequence of a transfer would be to substantially inhibit a prisoner's ability to access the courts, then such a transfer could be considered an "adverse action" that would deter a person of ordinary firmness from continuing to engage in the protected conduct.  *See Siggers-El*, 412 F.3d at 702 (holding that a transfer was an "adverse action," where the transfer resulted in plaintiff losing a high paying job that paid for his lawyer fees and moved him further from the attorney).  Similarly, a transfer to administrative segregation or to another prison's lock-down unit or can be sufficient to constitute adverse action. *See Hill v. Lappin*, 630 F.3d 468, 474 (6th Cir. 2010); *Thaddeus-X*, 175 F.3d at 398.  Plaintiff does not allege that he was subjected to anything more than an ordinary transfer from Level-II housing at one prison to Level-II housing at another.  He therefore fails to allege that the transfer amounted to adverse action.

        In addition, Plaintiff's allegation that the transfer was motivated by his grievance is wholly conclusory.  It is well recognized that "retaliation" is easy to allege and that it can seldom be

demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In the instant case, although Plaintiff alleges that he was transferred after he filed a Step II appeal of his grievance against Defendant Del-Tour, Plaintiff does not indicate how closely in time his transfer followed his grievance. While temporal proximity may in some circumstances "be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive,'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)), "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004). Moreover, Plaintiff provides no other facts that would warrant attribution of a retaliatory motive to Defendant Burt for Plaintiff's grievance against Officer Del-Tour.

In sum, Plaintiff fails to allege facts supporting either the second or third prong of his retaliation claim against Defendant Burt. His claim therefore will be dismissed.

## C.    Violating Prison Policy

At various points in his complaint, Plaintiff alleges that Defendant Del-Tour violated prison policy in reviewing his phone usage and filing misconducts. Claims under § 1983 can only

-10-

be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Defendant Del-Tour's alleged failure to comply with an prison administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). As a consequence, Plaintiff fails to state a claim against Defendant Del-Tour arising out of any violation of prison policy.

### D.      Due Process

Plaintiff alleges that Defendant Burt denied him due process when she denied his Step-II grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because

Plaintiff has no liberty interest in the grievance process, Defendant Burt did not deprive him of due process in her handling of his grievances.

### E.     Supervisory Liability

Plaintiff makes no allegations against Defendant Palmer in the body of his complaint, though he implies that, as the ostensible head of the MDOC, she is liable for the conduct of her subordinates.  Similarly, he implies that Defendant Burt failed to supervise their employees and failed to take corrective action by responding appropriately to his grievances.

Plaintiff utterly fails to state a claim against Defendant Palmer.  It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).  Plaintiff fails to even to mention Defendant Palmer in the body of

his complaint.  He therefore fails to state a claim under the minimal pleading standards of FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, Plaintiff's implicit allegations that Defendants Palmer and Burt failed to supervise Defendant Del-Tour are insufficient to state a claim.  Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  Plaintiff has failed to allege that Defendants Burt and Palmer engaged in any active unconstitutional behavior.  Accordingly, he fails to state a claim against them.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Burt and Palmer will be dismissed for failure to state a claim pursuant

to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the

amended complaint against Defendant Del-Tour.

An Order consistent with this Opinion will be entered.


Dated: __April 11, 2016_____        __/s/ Paul L. Maloney_____
                                         Paul L. Maloney
                                         United States District Judge

-14-