UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ALVIN COLLINS, #441263,

    Plaintiff,

v.

UNKNOWN DEL-TOUR,

    Defendant.

Case No. 1:16-cv-116

Honorable Paul L. Maloney

## **REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff is an inmate at the Kinross Correctional Facility. His complaint arises out of conditions of his confinement at the Muskegon Correctional Facility. The defendant is Corrections Officer (unknown) Del-Tour. Plaintiff alleges that defendant retaliated against him in violation of his First Amendment rights by filing four minor misconduct charges against him. Plaintiff sues defendant in his individual capacity and seeks an award of damages.[1]

The matter is before the Court on defendant's Rule 12(b)(6) motion seeking dismissal of plaintiff's claims on the basis of qualified immunity. (ECF No. 31). Defendant's motion is the re-filing of an earlier motion that was dismissed without prejudice on March 1, 2017, for failure to comply with the requirements of W.D. MICH.

---

[1] All other claims have been dismissed. (ECF No. 10, 11).

LCIvR 7.1(d). On March 9, 2017, the Court entered an order advising plaintiff that his response to defendant's earlier motion (ECF No. 22) would be considered as his response to this motion. (ECF No. 34, PageID.488). The order established March 24, 2017, as the deadline for plaintiff to file any supplement to his response to defendant's motion. (*Id.*). On March 23, 2017, plaintiff filed his supplemental brief. (ECF No. 43). For the reasons set forth herein, I recommend that defendant's Rule 12(b)(6) motion be granted and that a judgment be entered dismissing all plaintiff's claims against defendant with prejudice.

    A.    <u>Rule 12(b)(6)</u>

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require detailed" factual allegations, it does require more than labels and the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555. *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

B.    Qualified Immunity

Defendant argues that he is entitled to dismissal of plaintiff's claims for damages against him in his individual capacity on the basis of qualified immunity. "Once [an] official[ ] raise[s] the qualified immunity defense, the plaintiff bears the burden to 'demonstrate that the official [is] not entitled to qualified immunity.'" *LeFever v. Ferguson*, 645 F. App'x 438, 442 (6th Cir. 2016) (quoting *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)); *see Estate of Hill v. Miracle*, 853 F.3d 306, 312 (6th Cir. 2017).

"A government official sued under section 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *see Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015); *Lane v. Franks*, 134 S. Ct. 2369, 2381 (2014).  The first prong of qualified immunity analysis is whether the plaintiff has alleged facts showing that each defendant's conduct violated a constitutional or statutory right.  *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).  The second prong is whether the right was "clearly established" at the time of the defendant's alleged misconduct.  *Id.*  Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first.  *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A qualified immunity defense can be asserted at various stages of the litigation, including the summary judgment stage.  *See English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994).  Here, defendant seeks dismissal under Rule 12(b)(6).

In *Brosseau v. Haugen*, the Supreme Court examined the underlying purpose of the requirement that the law be clearly established:

> Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, misapprehends the law governing the circumstances she confronted. . . . Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.

543 U.S. 194, 198 (2004); *see also Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ("The dispositive question is whether the violative nature of the particular conduct is clearly established.") (citation and quotation omitted); *City & County of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) ("An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it, meaning that existing precedent placed the statutory or constitutional question beyond debate.") (citations and quotations omitted); *Mitchell v. Schlabach*, 864 F.3d 416, 424 (6th Cir. 2017). Qualified immunity is an immunity from suit rather than a mere defense to liability. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014).

The Supreme Court has repeatedly held that the second prong of the qualified immunity analysis " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " *Brosseau v. Haugen*, 543 U.S. at 198 (quoting *Saucier v. Katz*, 533 U.S. at 201); *see White v. Pauly*, 137 S. Ct. 548, 552 (2017). Moreover, courts are "not to define clearly established law at a high level of

generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 134 S. Ct. at 2023 (citations and quotations omitted); *see White v. Pauly*, 137 S. Ct. at 552.

"The burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.' " *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) (quoting *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997)); *see Estate of Hill v. Miracle*, 853 F.3d at 312 ("[T]he ultimate burden of proof is on the plaintiff to show that the defendant is not entitled to qualified immunity.") (quotation and citation omitted). The burden applies to each claim. *See Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

### C. Plaintiff's Allegations

During the period at issue, plaintiff was an inmate at the Muskegon Correctional Facility (MCF) and Corrections Officer (unknown) Del-Tour was employed at MCF by the Michigan Department of Corrections. On December 21, 2013, Officer Del-Tour filed a Class III misconduct charge against plaintiff for failure to follow posted rules regarding cooking food.[2] According to plaintiff, rules had not been posted because the kitchenette facility had just reopened. On December 26, 2013, this misconduct charge was dismissed. (Amended Complaint at ¶ 2, ECF No. 8, PageID.170).

---

[2] "Under Michigan Department of Corrections Policy Directive 03.03.105, ¶ B, a Class I misconduct is a 'major' misconduct and Class II and III misconducts are 'minor' misconducts." (ECF No. 10 at PageID.176).

On December 26, 2013, Officer Del-Tour filed a Class III misconduct charge against plaintiff for failure to follow posted rules by brushing his teeth at 3:39 a.m. This charge was dismissed because the rules had not been posted in the housing unit. (*Id.* at ¶¶ 4, 5, PageID.171).

On December 26, 2013, plaintiff filed a grievance against Officer Del-Tour asserting that the Class III misconduct charge filed that day had been retaliatory. (*Id.* at ¶ 5, PageID.171).

On January 13, 2014, Officer Del-Tour filed a Class II misconduct charge against plaintiff for being out of place. This charge was dismissed on January 24, 2014. (*Id.* at ¶ 7, PageID.172).

On February 15, 2014, Officer Del-Tour filed a Class II misconduct charge against plaintiff for being out of place and violation of prison rules. This charge was dismissed on February 28, 2014. (*Id.* at ¶ 8, PageID.172).

On February 3, 2016, plaintiff filed this lawsuit. (ECF No. 1). On March 10, 2016, he filed his amended complaint. (ECF No. 8).

## Discussion

Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the

-6-

protected conduct. *Id.* at 394. The plaintiff has the burden of proof on all three elements. *See, e.g., Murray v. Evert*, 84 F. App'x 553, 556 (6th Cir. 2003).

      A.    <u>Protected Conduct and Causation</u>

The first element of a retaliation claim is protected conduct. The filing of a prison grievance is generally constitutionally-protected conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). The third element of a retaliation claim is causation. The plaintiff must demonstrate that the adverse action was motivated, at least in part, by the protected conduct. *See Thaddeus-X*, 175 F.3d at 394. Because defendant did not contest the first and third elements (see Defendant's Brief at 4, ECF No. 32, PageID.466), no further discussion of those elements is necessary.

      B.    <u>Adverse Action</u>

The second element of a retaliation claim is an adverse action against plaintiff that would deter a person of ordinary firmness from engaging in the protected conduct. Defendant claims entitlement to qualified immunity because, at the time he acted in 2013 and 2014, it was not clearly established that a Class II or a Class III misconduct charge was sufficiently adverse to support a First Amendment retaliation claim.[3] (*Id.* at 4-6, PageID.466-68).

The second prong of the qualified immunity analysis " 'must be undertaken in

---

[3] Defendant does not dispute that the law is clearly established that the filing of a false major misconduct charge is sufficiently adverse to support the second element of a First Amendment retaliation claim. (Defendant's Brief at 5, ECF No. 32, PageID.467).

-7-

light of the specific context of the case, not as a broad general proposition.' " *Brosseau v. Haugen*, 543 U.S. at 198. It was plaintiff's burden to convince the Court that the law was clearly established. *See Arrington-Bey v. City of Bedford Heights, Ohio*, 858 F.3d 988, 992-93 (6th Cir. 2017); *Hill v. Miracle*, 853 F.3d 306, 316 (6th Cir. 2017). Existing precedent must have placed the constitutional question "beyond debate." *White v. Pauly*, 137 S. Ct. at 551.

Plaintiff has not carried his burden of demonstrating that the actions taken by defendant violated his clearly established First Amendment rights. *See Arrington-Bey*, 858 F.3d at 992-93. Plaintiff's reliance on a MDOC hearing handbook and MDOC policy directives (Plaintiff's Brief at 11, 14, 16, ECF No. 22, PageID.272, 275, 277; Supplemental Brief at 2-7, ECF No. 43, PageID.552-57) is misplaced because those materials cannot clearly establish constitutional rights.

Defendant is entitled to qualified immunity because, at the time defendant acted, it was not clearly established that a Class II or Class III misconduct charge was sufficiently adverse to support a First Amendment retaliation claim. *See Douglas v. Muzzin*, No. 1:15-cv-41, 2017 WL 4310773, at *7 (W.D. Mich. Sept. 28, 2017); *Harris v. Scott*, No. 1:15-cv-550, 2017 WL 4230568, at *5 (W.D. Mich. Sept. 25, 2017).

## **Recommended Disposition**

For the reasons set forth herein, I recommend that defendant's Rule 12(b)(6) motion (ECF No. 31) be granted and that a judgment be entered dismissing all plaintiff's claims against defendant with prejudice.

Dated:   January 4, 2018            /s/  Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge

## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).